### CRAWFORD *v.* ALEXANDER et al.

The appellant will not be allowed to amend the appeal bond in the Supreme Court.

He is not entitled to relief even when it is shown that the omissions in the bond were attributable to the Clerk of the court who filled up the blanks in the bond; in doing this, the Clerk will be regarded as not acting in his official capacity, but as the mere agent or scribe of the appellant.

Where the judgment appealed from was rendered against the defendant, both personally and in a representative character, and the appeal bond is given in the representative capacity *exclusively*, the appeal will be dismissed.

APPEAL from the District Court of the Parish of Bossier, *Creswell*, J. *Terrell & Hodge*, for plaintiff. *Crain & Nutt* and *A. B. Levisee*, for defendant and appellant.

On motion of appellant to amend:

BUCHANAN, J. The counsel of appellant has moved this court to allow him to alter the record, by inserting another obligor in the appeal bonds.

The order for appeal is in the following words:

" *Crawford and Husband* v. *M. D. C. Cain et al.*, No. 5165—*M. D. C. Cain* v. *Crawford et al.*, No. 5300—Cumulated with the above.

" In District Court, parish of Caddo, comes *M. D. C. Alexander*, in her own right, and as administratrix and executrix, &c., and prays the court for an order granting a suspensive and devolutive appeal in these two cases, returnable to the next term of the Supreme Court, to be holden at Monroe, on the 2d Monday of July next. She prays the court to fix the bond required for devolutive appeal, and that for the suspensive, it be fixed according to law."

Two appeal bonds follow this entry in the transcript; one purporting to be furnished in suit No. 5165, and the other in suit No. 5300.

They both commence as follows:

" Know all men by these presents, that we, *M. D. C. Alexander*, executrix, as principal, and *W. M. Fulsom*, as security, are held and firmly bound," &c.

This application cannot be entertained. It is very clear that the copy of these bonds in the transcript, here in Monroe, cannot be changed, while the original, on file in the Clerk's office of the District Court in Caddo, are unchanged. It is equally clear, that the liability of the surety for appeal is to be determined by the bond which he has signed, and cannot be extended and increased without his

consent. It may be, that he was willing to become bound as surety for an executrix, with a recourse over against the succession administered by the executrix; but would be unwilling to bind himself for the same person in her individual capacity.

Again, supposing the surety to be willing that the proposed alteration should be made, it cannot be done without the consent of the appellee; and we have the strongest presumption against such consent, in the fact that a motion to dismiss the appeal, for the want of proper parties, among other grounds, was filed before this application was made. *Percy* v. *Millaudon,* 6 La. 586.

It is alleged by the mover, and the allegation is supported by affidavit, that the omission of *Mrs. Alexander,* in her individual capacity, as obligor in the appeal bonds, is attributable to the Clerk of the District Court, to whom the filling up of the blanks in the printed bonds, was entrusted by appellant's counsel.

In this, the Clerk must be regarded as not acting in his official capacity, but as the mere agent or scribe of the appellant. 2 An. 452; ib. 902.

Motion refused.

On the merits :

LAND, J. This suit was commenced in July, 1851, by the wife of *J. B. Crawford,* against the defendant, in her *individual* capacity, for the recovery of certain slaves claimed by the plaintiff, *Catherine Crawford,* in her own separate right. Afterwards, in December, 1851, the defendant, *M. D. C. Alexander, as administratrix* of the successions of *James H. Cain* and of *John R. Cain,* instituted a suit of attachment against *J. B. Crawford,* plaintiff's husband, on certain promissory notes made by him, and caused the slaves claimed by plaintiff, to be seized as the husband's property.

These suits were *consolidated* and *tried* together, and judgment rendered against defendant, *Mrs. Alexander,* in both cases. She has appealed, and the plaintiff moves to dismiss the appeal on the grounds, among others, that *she,* as *plaintiff in the petitory action* against *Mrs. Alexander, in her personal capacity,* can have no right of action on the appeal bond, for the reason that the bond is given by defendant *exclusively in her representative capacity,* and is only applicable to the attachment suit in which her husband was sued by *defendant,* as the administratrix of the successions of *J. H.* and *J. R. Cain.*

Can the plaintiff sue on this bond ? She has no judgment against the successions of *Cain,* nor was she a party to the suit in which the judgment on the notes was rendered against the successions. There is no priority of judgment between plaintiff and defendant *as the administratrix of these successions,* and there cannot be, therefore, any priority of contract created by the appeal bond signed by her as administratrix, and consequently no right of action in favor of plaintiff. If the plaintiff has a right of action on the appeal bond, the consequence of a judgment on it against defendant, *as administratrix,* would be to make *the successions of Cain* liable for the *individual obligations* of defendant, when the plaintiff had no claim, nor pretended to have any against them.

It cannot be said that the addition "*administratrix*" to her name, is a mere *description of the person,* and is, therefore, surplusage, for the reason that there is a judgment in this case against the successions of *Cain,* in the attachment suit consolidated with this action, from which the defendant, *as administratrix, has appealed.*

The bond is made payable to *J. B. Crawford,* the defendant in the attachment suit, and to plaintiff in this the petitory action.

CRAWFORD
*v.*
ALEXANDER.

It has already been decided, that the error or omission in the bond cannot be cured.

It is, therefore, ordered, adjudged and decreed, that the motion be sustained, and the appeal dismissed, at costs of appellant.